# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBRA BOLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0691**  (BOR Appeal No. 2049203)
(Claim No. 2012022141)

**WEST VIRGINIA DIVISION OF JUVENILE SERVICES –
GENE SPADARO CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debra Boley, by John Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Juvenile Services – Gene Spadaro Center, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 24, 2014, in which the Board affirmed a February 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2013, decision closing Ms. Boley's claim for temporary total disability benefits.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Boley filed a Report of Injury on January 9, 2012, after sustaining injuries while dispersing a fight between residents of the Gene Spadaro Center. The Report of Injury indicates

---

[1] The Office of Judges dismissed as moot an October 24, 2013, claims administrator's decision closing the claim for temporary total disability benefits.

1

that Ms. Boley was punched several times in the head and once in the eye. Following the incident, she sought treatment with Millie Petersen, D.O., who initially diagnosed her with cervicalgia, thoracic muscle spasm, radiculopathy of the right arm, and a concussion with no loss of consciousness.

On August 26, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala opined that Ms. Boley's compensable soft tissue injuries were treated adequately with conservative management and she therefore requires no further treatment. He then opined that Ms. Boley has reached maximum medical improvement and should be capable of returning to work with no restrictions. On September 23, 2013, Dr. Petersen responded to the conclusions expressed in Dr. Mukkamala's report via letter addressed to Ms. Boley's attorney. Dr. Petersen opined that Ms. Boley remains temporarily totally disabled and further opined that she believes it is impossible to determine whether Ms. Boley has reached maximum medical improvement without further diagnostic imaging. On October 24, 2013, the claims administrator closed Ms. Boley's claim for temporary total disability benefits based on Dr. Mukkamala's August 26, 2013, independent medical evaluation. On November 4, 2013, the claims administrator issued a corrected decision affirming its closure of the claim for temporary total disability benefits. Dr. Petersen was deposed on December 27, 2013, and testified that it remains her belief that Ms. Boley is unable to return to work due to chronic pain in the neck, thoracic region, and upper arm, and reiterated her prior opinion that additional diagnostic testing is needed before Ms. Boley can be placed at maximum medical improvement.

The Office of Judges dismissed the October 24, 2013, claims administrator's decision, which was appealed by Ms. Boley, as moot in light of the claims administrator's November 4, 2013, decision. In its Order affirming the November, 2013, claims administrator's decision, the Office of Judges held that Ms. Boley is no longer eligible to receive temporary total disability benefits because she has reached maximum medical improvement. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated June 24, 2014. On appeal, Ms. Boley asserts that the evidence of record demonstrates that she is entitled to additional temporary total disability benefits.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As was noted by the Office of Judges, Dr. Mukkamala determined that Ms. Boley had reached maximum medical improvement on August 26, 2013, and therefore she is ineligible to receive additional temporary total disability benefits pursuant to the provisions of West Virginia Code § 23-4-7a. Moreover, this Court notes that Dr. Petersen was unwilling to agree with Dr. Mukkamala's conclusion that Ms. Boley has reached maximum medical improvement based in part upon her opinion that a cervical spine MRI is needed. However, in his independent medical evaluation report, Dr. Mukkamala noted that a cervical spine MRI was performed in March of 2012 with normal results.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3